# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: January 26, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| ZINA SANDERS, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 18-452V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Order Concluding Proceedings. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Donald P. Edwards*, Law Office of Donald P. Edwards, Atlanta, GA, for petitioner.
*Mallori B. Openchowski*, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 3, 2020, Zina Sanders ("petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 43). For the reasons discussed below, petitioner's motion is **granted and award $19,288.89 in attorneys' fees and costs.**

### I.  Procedural History

On March 27, 2018, petitioner filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that as a result of receiving the inactivated polio vaccine ("IPV") on March 28, 2015, she suffered a neurological condition. *Id.* at ¶¶ 2-7. Petitioner also submitted medical records accompanying her petition. Petitioner's

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

Exhibits ("Pet. Ex.") 1-6.  Between July 16, 2018 and October 22, 2018, petitioner filed additional medical records.  See Pet. Exs. 7-13).

On February 19, 2019, respondent filed his Rule 4(c) report, stating that this case is not appropriate for compensation under the terms of the Act.  Respondent's Report ("Resp. Rept.") at 1 (ECF No. 23).  Respondent stated that the "medical records fail to provide preponderant proof that petitioner has indeed been diagnosed with the condition for which she seeks compensation, a "GBS mimicking" neurological condition."  Id. at 10.  Additionally, respondent observed that petitioner had yet to offer a reputable scientific or medical theory establishing that the IPV vaccination was the cause of her injury.  Id. at 11.

On March 26, 2019, I held an initial status conference in this case.  Scheduling Order (ECF No. 24).  During the status conference I stated, "Based on a review of the existing medical records and Respondent's report, this case may be difficult for petitioner to prevail without a clear diagnosis and additional medical evidence that supports the diagnosis."  Id. at 2.  I ordered petitioner to file updated medical records, which were requested by respondent and file an expert report to support vaccine causation.  Id.

Petitioner filed updated medical records on May 14, 2019.  Pet. Exs. 14-16 (ECF No. 26).  On October 1, 2019, petitioner filed a letter from Dr. Albert Cook, M.D., which stated that he had reviewed petitioner's medical records and performed additional diagnostic tests on the petitioner to try to establish a diagnosis that accounts for her neurologic changes.  Pet. Expert Report (ECF No. 34).  Dr. Cook stated that "she has multiple features on her neurological exam that are consistent with prior injury to the right cerebral hemisphere," and that he hoped he could offer a more precise diagnosis after reviewing her prior military medical records.  Id.

On October 24, 2019, I held a second status conference in this case.  Scheduling Order (ECF No. 36).  During the status I explained that the onset of petitioner's symptoms, within twenty-four hours of receiving the IPV vaccine, is highly unusual.  Id.  I also stated that petitioner should obtain all medical records from three years prior to the vaccine, which may help shed light on the petitioner's injury or diagnosis.  Id.  Petitioner was granted sixty days to file additional medical records.  Id.

On December 18, 2019, petitioner filed a motion for an extension of time to file additional medical records to permit her to be considered for admission to a specialized program.  Pet. Mot. for Enlargement of Time (ECF No. 37).  Petitioner requested that deadlines for this case bee stayed until a determination whether she qualifies for an appointment in the specialized program.  Id.  On December 26, 2019, I granted petitioner's motion and stayed additional deadlines.  Order Granting Petitioner's Motion (ECF No. 38).  I ordered petitioner to file a status report as soon as petitioner's status with the specialized program was made available.  Id.

On February 2, 2020, petitioner filed a status report stating that she was not accepted into the specialized program and she intends to dismiss her petition.  Pet. Status Rept. (ECF No. 39).  On March 12, 2020, petitioner filed a Stipulation for Dismissal, requesting that the petition be dismissed without prejudice pursuant to Rule 21(a)(1)(B).  Stipulation for Voluntary Dismissal (ECF No. 40).

On March 13, 2020, I issued an Order Concluding Proceedings, dismissing the petition without prejudice. Order Concluding Proceedings (ECF No. 41).

On September 3, 2020, petitioner filed the instant motion for attorneys' fees and costs. Fees App. Petitioner is requesting $19,339.40 in attorneys' fees and $791.99 in costs, for a total of $20,131.39. Fees App. Attachment 1 at 6.

Respondent filed a response to petitioner's motion on September 24, 2020. Resp. Response (ECF No. 45). Respondent deferred to the court regarding whether the statutory requirements for an award of attorneys' fees and costs are met in this case. Resp. Response at 2. Respondent stated that litigations costs must be reasonable and special masters are accorded "wide discretion in determining the reasonableness" of a petitioner's request for both attorneys' fees and costs. *Id.* at 3 (citing *Perreira v Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (1992), *aff'd,* 33 F. 3d 1375 (Fed. Cir. 1994). Therefore, respondent respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs. *Id.* at 4.

This matter is now ripe for adjudication.

**II.     Legal Standard**

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation. § 15(e)(1)(A)-(B). Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought." § 15(e)(1). The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012).

"Good faith" and "reasonable basis" are two distinct requirements. *Simmons v. Sec'y of Health & Human Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017) (citing *Chuisano v. Sec'y of Health & Human Servs.*, 116 Fed. Cl. 276, 289 (2014)). "Good faith" is a subjective test, satisfied through subjective evidence. *Cottingham v. Sec'y of Health & Human Servs.,* 971 F.3d 1337 (2020).

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n.1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99-537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008). Special masters may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the

billing records is not required.  *Wasson*, 24 Cl. Ct., *aff'd in relevant part*, 988 F.2d 131 (Fed Cir. 1993) (per curiam).

### III. Analysis

I find no reason to doubt the good faith and reasonable basis for which the claim was brought.  Petitioner asserted that she suffered a neurological condition soon after and as a result of receiving the IPV vaccination as part of her military service.  Although it ultimately appeared unlikely that petitioner would be entitled to recovery after a careful review of the case, including the medical records, petitioner's counsel complied with court orders and filed the motion to conclude proceedings after it became evident that she would be unable to establish entitlement at this time.  Accordingly, I find that petitioner should be awarded reasonable attorneys' fees and costs.

### A. Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  *Avera,* 515 F. 3d at 1348.  In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney."  *Rodriquez v. Sec'y of Health & Human Servs.,* 632 F.3dd 1381, 1384 (Fed. Cir. 2011) (citing *Avera,* 515 F. 3d at 1349).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorney's experience.  *McCulloch v. Sec'y of Health & Human Servs.,* No. 09-293V, 2015 WL 56343323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).  The Office of Special Masters has adopted the framework set forth in *McCulloch* and has promulgated updated rates for subsequent years.  In this case, Mr. Edwards practices in Atlanta, Georgia and has been awarded forum rates in the past.  Therefore, forum rates apply in this case.

Petitioner requests compensation for attorneys, Mr. Donald Edwards and Mr. Cameron D. Hawkins.  Petitioner requests that Mr. Edwards be reimbursed at an hourly rate of $465.00 per hour for work performed in 2015 through 2020. Fees App. Attachment 1.  Petitioner requests that Mr. Hawkins be reimbursed at an hourly rate of $350.00 per hour for work performed on her case in 2018 and 2019. *Id.*

The rate of $465.00 per hour for work performed in 2015-2018 exceeds the forum rate established by the Office of Special Masters for an attorney of Mr. Edwards experience.  The Fee Schedule shows that a lawyer with 44 years of experience, like Mr. Edwards, is entitled to $385.00-430.00 per hour in 2015 and 2016; $394.00-440.00 in 2017 and $407-455 in 2018.  Mr. Edwards is an experienced trial attorney within the Vaccine Injury Program.  As such, I will award Mr. Edwards $430.00 per hour for work performed in 2015 and 2016; $440.00 per hour for his work performed in 2017; and $455.00 per hour for work performed in 2018.[3]  This hourly

---

[3] Office of Special Masters Attorneys' Forum Hourly Rate Fee Scheduled, accessed at: http://www.cofc.uscourts.gov/node/2914

4

rate is consistent with other awards for Mr. Edwards in the Vaccine Program. *See Means v. Sec'y of Health & Human Servs.,* No. 12-740V, 2017 WL 2856411, at *1-2 (Fed. Cl. Spec. Mstr. June 5, 2017) (reducing requested attorney's hourly rate to the highest fee schedule hourly rate). Mr. Edwards will be awarded $465.00 per hour for work performed in 2019 and 2020.

When Mr. Hawkins worked on petitioner's case, he had ten years of experience practicing the law and his rates requested are within the forum rate fee schedule. Therefore, Mr. Hawkins will be awarded $350.00 per hour for work performed in 2018 and 2019 on petitioner's case.

### B. Reasonable Time Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra-office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016).

Petitioner's fee application requests compensation for a total of 46.10 hours of work performed from 2015 to 2020. I have reviewed the billing records and finds the number of hours billed reasonable. These hours include reviewing and obtaining medical and military records, drafting the petition, participating in status conferences and conferring with experts. As noted above, the hourly rate for Mr. Edwards will be reduced for the period of 2015 to 2018, and as such, petitioner's attorneys' fees will be reduced by $842.50.

### C. Costs

Petitioner's counsel requests $791.99 in costs, including the filing fees and payments for obtaining medical records. Fees App. Appendix 1. These costs are typical costs incurred by attorneys within the Vaccine Program. Therefore, I find these costs reasonable and awards them in full.

### D. Conclusion

In accordance with the foregoing, petitioner's application for attorneys' fees and costs is **GRANTED.** I award the following reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested: | $19,339.40 |
| *Reduction to Forum Rate* | *-$842.50* |
| **Attorneys' Fees Awarded:** | **$18,496.90** |

| | |
|---|---|
| Attorneys' Costs Requested: | $791.99 |
| *No Reduction* | |
| **Attorneys' Costs Awarded:** | **$791.99** |
| | |
| **Attorneys' Fees and Costs Awarded:** | **$19,288.89** |

Accordingly, I award the following:

1) **A lump sum in the amount of $19,288.89, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Mr. Donald Edwards, Edwards & Hawkins, LLC.** [4]

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against at client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir. 1991).

[5] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).